Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
David Shein (SBN 230870)
david@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNICOLORS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LATULLE CORP., a California corporation, d/b/a SOIÉBLU; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:26-cv-9291<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br><u>Jury Trial Demanded</u> |

Plaintiff Unicolors, Inc. (“Unicolors”) hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, et seq.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b)-(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, and because Defendant Latulle Corp. resides in, maintains its place of business in, and is subject to personal jurisdiction in this judicial district.

## PARTIES

4. Unicolors is a California corporation with its principal place of in Los Angeles, California and within this judicial district.

5. Upon information and belief, Defendant Latulle Corp. ("Latulle") is a California corporation with a place of business located in Los Angeles, California and within this judicial district and doing business in and with the state of California.

6. Upon information and belief, Latulle designs, manufactures, causes to be manufactured, imports, distributes, offers for sale, and sells women's apparel under the brand and trade name "Soiéblu," including through the website www.soieblu.com and through wholesale channels in and around the Los Angeles apparel district.

7. Upon information and belief, Latulle is the holder of Registered Identification Number ("RN") 117118, issued by the United States Federal Trade Commission pursuant to 15 U.S.C. § 70b and 16 C.F.R. Part 303, which RN identifies Latulle as the manufacturer or marketer responsible for the textile products on which it appears, and which RN appears on the care label affixed to the Accused Product as defined herein.

8. Upon information and belief, Defendants Does 1-10 ("DOE Defendants") (collectively with Latulle, "Defendants") are other parties not yet identified who have infringed Unicolors' copyright, have contributed to the infringement of Unicolors' copyright, or have engaged in one or more of the wrongful acts alleged herein. The true names, whether corporate, individual, or otherwise, of Defendants Does 1-10 are presently unknown to Unicolors, which therefore sues said Defendants by such

fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

9. Upon information and belief, at all relevant times, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted the acts or conduct alleged, with full knowledge of each and every violation of Unicolors' rights and the damages to Unicolors proximately caused thereby.

**DEFENDANTS' UNAUTHORIZED EXPLOITATION OF UNICOLORS' DESIGN**

10. Prior to the infringement alleged herein, and at all relevant times, Unicolors owned an original two-dimensional artwork for purposes of textile printing. It allocated this design the name OG1010 (the "Subject Design").

11. Unicolors owns a U.S. copyright registration covering the Subject Design. The Subject Design is covered by U.S. Copyright Registration No. VAu 1-220-460.

12. Prior to the infringement alleged herein, Unicolors had formatted the Subject Design for use in textiles and sampled and sold fabric bearing the Subject Design to parties in the fashion and apparel industries.

13. Unicolors is informed and believes and thereon alleges that, following its distribution of fabric bearing the Subject Design, Defendants, and each of them, created, manufactured, caused to be manufactured, imported, distributed, offered for sale, and/or sold garments bearing a design that is substantially and/or strikingly similar to the Subject Design (the "Accused Product").

14. Upon information and belief, one such Accused Product is a women's long-sleeve, V-neck tunic dress bearing brand label "soiéblu" and a care label bearing the designations "RN#117118" and "STYLE#1277."

15. Upon information and belief, Defendants offered for sale and sold the Accused Product to consumers and to wholesale purchasers in this judicial district, including through the website www.soieblu.com.

16. A comparison of the Subject Design (left) and the corresponding Accused Product (right) is set forth below; it is apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs are substantially and/or strikingly similar:

| **Subject Design** | **Accused Product** |
|---|---|
| **OG1010**<br> | **Style No. 1277 (detail)**<br> |

17. Images of the Accused Product and of its brand and care labeling, which identify the Accused Product as "soiéblu" Style No. 1277 and bear RN 117118, are set forth below:

<table>
<tr><th>Accused Product</th><th>Brand and Care Labeling</th></tr>
<tr><td>Style No. 1277<br></td><td>RN 117118 / STYLE #1277<br>
</td></tr>
</table>

**<u>CLAIM FOR RELIEF</u>**

(For Copyright Infringement – Against All Defendants, and Each)

18. Unicolors repeats, realleges, and incorporates by reference as though fully set forth herein, the allegations contained in the preceding paragraphs of this Complaint.

19. Upon information and belief, Defendants, and each of them, had access to the Subject Design, including through (a) access to Unicolors' showroom and/or design library; (b) access to unauthorized copies of the Subject Design by third-party vendors and/or DOE Defendants, including converters and printing mills; (c) access to Unicolors' strike-offs and samples; (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design by Unicolors for its customers; and/or (e) because the Subject Design and the design on the Accused Product are strikingly similar.

20. Upon information and belief, one or more of the Defendants manufactures garments and/or is a garment vendor; said Defendant(s) has an ongoing business relationship with retailers and distributors, and each of them, and supplied to

said retailers and distributors garments composed of fabric bearing an unauthorized reproduction of the Subject Design and/or an infringing derivative thereof.

21. Upon information and belief, Defendants, and each of them, created, manufactured, caused to be manufactured, distributed, imported, offered for sale, and/or sold garments that infringe Unicolors' copyright in the Subject Design through retail stores and/or websites.

22. Due to Defendants' acts of infringement, Unicolors has suffered substantial damages in an amount to be established at trial.

23. Due to Defendants' acts of infringement, Unicolors has suffered general and special damages in an amount to be established at trial.

24. Due to Defendants' acts of infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not have realized but for their infringement. As such, Unicolors is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement in an amount to be established at trial.

25. Unicolors is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Unicolors will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. That Defendants, their agents, and/or anyone else working in concert with Defendants and their agents, be enjoined from infringing Plaintiff's copyright in any manner and from further creating, manufacturing,

causing to be manufactured, distributing, offering for sale, and/or selling the Accused Product;

b. That Plaintiff be awarded all Defendants' profits, plus all Plaintiff's losses, attributable to Defendants' infringement, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

c. That Plaintiff be awarded its fees as available under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: August 20, 2026 By: /s/ *Trevor W. Barrett*

Trevor W. Barrett, Esq.
David Shein, Esq.
DONIGER / BURROUGHS
*Attorneys for Plaintiff*